## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Delaware Association of Alternative
Energy Providers, Inc.
                   Appellant,

     v.

Chesapeake Utilities Corporation, a
Delaware Corporation and Regulated
Delaware Public Utility,
Division of the Public Advocate, the
Delaware Public Service Commission Staff
and Public Service Commission of the
State of Delaware,
                   Appellees.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. K20A-09-003 WLW

Submitted: March 5, 2021
Ordered: May 7, 2021

OPINION AND ORDER

Appellees' Joint Motion to Dismiss
For Failure to State a Claim
*Granted.*

Francis J. Murphy, Esquire of Murphy & Landon, Wilmington, Delaware; Counsel for Appellant.

James McC. Geddes, Esquire of Ashby & Geddes, P.A., Wilmington Delaware; Counsel for Appellee, Delaware Public Service Commission.

Regina A. Iorii, Esquire of Department of Justice, Division of the Public Advocate, Wilmington, Delaware; Counsel for Appellee, Division of the Public Advocate.

Daniel A. O'Brien, Esquire of Venable, LLP of Wilmington, Delaware and Brian M. Quinn, Esquire of Venable, LLP, Baltimore, Maryland, Counsel for Appellee, Chesapeake Utilities Corporation.

WITHAM, R.J.

The Appellees (collectively "Movants"), the Delaware Public Service Commission (hereafter "PSC"), the Division of the Public Advocate, and Chesapeake Utilities Corporation (hereafter "Chesapeake"), bring this Motion to Dismiss Appellant's, the Delaware Association of Alternative Energy Provides, Inc. (hereafter "DAAEP") appeal of PSC's Order No. 9635 in Docket No. 20-0357. DAAEP seeks appeal of the PSC order on numerous grounds, among them errors of law and/or fact. The Movants assert that DAAEP's complaint brought before PSC was moot and that DAAEP lacked standing to bring the complaint. This Court has reviewed the parties' motion and response and is prepared to issue its order affirming the Commission's decision.

**Facts and Procedural Background**

1. On June 10, 2020, DAAEP filed a complaint with PSC regarding a separate matter, Docket No. 19-0529, involving a Settlement Agreement between the Movants.[1] PSC received DAAEP's complaint and filed it as Docket No. 20-0357.[2] DAAEP's complaint attempted to challenge that Settlement Agreement on the grounds that (1) it exceeded PSC's subject matter jurisdiction; (2) the Settlement Agreement would have substantial and long-term negative consequences to DAAEP's members; (3) the Settlement Agreement effectively contradicts previous PSC orders in which DAAEP was a party; and (4) the Settlement Agreement of Docket No. 19-0529 would violate previous Settlement Agreements involving the same parties to this case.[3] Additionally, DAAEP sought a stay of PSC's decision in Docket No. 19-0529 in light of its complaint.[4]

2. The Settlement Agreement that DAAEP seeks to challenge regulates the

---

1 Appellant's Opening Brief at 3.
2 *Id.*
3 *Id.* at 3 – 4.
4 *Id.* at 4.

2

conversion of more than 40 Propane Community Gas Systems (hereafter "Systems") from propane to natural gas.[5] The Systems are owned and operated by a wholely-owned subsidiary of Chesapeake.[6] DAAEP is an association whose members operate Systems targeted for conversion by Chesapeake just as Chesapeake has done with those owned by its subsidiary.[7] However, the Settlement Agreement adjudicated in Docket No. 19-0529, PSC Order 9594, pertained only to those Systems owned by the subsidiary and slated for conversion by Chesapeake. The process of converting these Systems from propane to natural gas is a long process that could stretch many years.[8]

3. PSC issued its order for Docket No. 19-0529 on June 17, 2020, as Order 9594.[9] DAAEP's complaint filed under Docket No. 20-0357 was decided by PSC on August 19, 2020, as Order 9635. DAAEP filed its appeal of that decision with this Court on September 17, 2020. The Movants filed this Motion to Dismiss on October 30, 2020, and DAAEP filed its Response on November 25, 2020. DAAEP makes this appeal of the PSC order on multiple grounds:

A) PSC erred as a matter of law in dismissing DAAEP's complaint in order 9635;

B) PSC erred as a matter of fact in dismissing DAAEP's complaint in order 9635;

C) PSC acted arbitrarily and capriciously in dismissing DAAEP's complaint in order 9635;

D) PSC Order 9653 is unsupported by law and/or by fact;

---

5 *Id.* It is noted that the parties use two different terms when describing these Systems. Chesapeake uses "Community Propane System" and DAAEP uses "Propane Community Gas System." Both terms describe the same system.

6 *Id.*

7 *Id.*

8 *Id.*

9 *Id.* at 3.

E) PSC relied on the wrong legal standard when dismissing DAAEP's complaint in Order 9635;

F) PSC erred in issuing Order 9635 by making findings of fact without affording DAAEP the opportunity of discovery;

G) PSC lacked subject matter jurisdiction to issue Order 9594;

H) PSC erred in determining DAAEP's complaint moot in Order 9635;

I) PSC erred in determining that DAAEP lacked standing to bring its complaint;

J) PSC erred when it acknowledged that DAAEP was party to written settlement agreements that are binding with Chesapeake;

K) PSC Orders 9594 and 9635 fail to meet the requirements of the Administrative Procedures Act, particularly 29 Del. C. § 10128;

L) PSC erred in failing to conclude that 26 Del. C. § 206 affords DAAEP standing to bring its complaint;

M) PSC erred when it concluded that DAAEP failed to allege that it, and not its members, will suffer any damage from Movants' breach of the Commission-approved Settlement Agreements to which all parties are bound;

N) PSC erred in concluding that DAAEP's complaint was untimely, and making findings of fact based on communiques with DAAEP's counsel;

O) PSC erred in interpreting its previous Settlement Agreements involving all parties;

P) PSC erred in failing to conclude that DAAEP was without substantial interest in the outcomes of Order Nos. 9594 and 9635;

Q) PSC orders are state-sponsored and unlawful impairments of DAAEP's contractual rights;

R) PSC erred by denying DAAEP standing to bring its complaint;

S) PSC erred when it declared in Order 9635 DAAEP should have offered public comments to PSC regarding Docket No. 19-0529 before PSC reached its decision in Order No. 9594;

T) PSC failed to consider Delaware's public policy regarding the expansion of natural gas infrastructure in Delaware;

U) PSC erred by refusing to allow DAAEP to challenge Order 9594;

V) DAAEP has standing; and

W) PSC erred because Chesapeake waived any right to oppose the filing of DAAEP's complaint.[10]

4. This Court heard oral arguments on this matter on March 5, 2021.

### Argument of the Parties

5. The Movants argue (1) that DAAEP's appeal of PSC Order 9635 is made moot by its Order 9594; (2) that DAAEP lacks standing because DAAEP was not a party to Docket No. 19-0529; (3) PSC has no jurisdiction to hear DAAEP's complaint because DAAEP is an unregulated competitor of Chesapeake; and (4) DAAEP is collaterally estopped from appealing. The Movants' argument is based on the assertions that DAAEP and its member constituents are not affected by PSC Order 9594, and the interest that DAAEP seeks to protect is outside the scope of PSC's jurisdiction as DAAEP's members are unregulated propane companies.

6. DAAEP counters that (1) the appeal is not moot because DAAEP is attempting to raise two points that were not factors in PSC Order 9594; (2) PSC has "broad

---

10 Appellant's Petition at ¶ 7 a – w.

jurisdiction to investigate written complaints concerning a public utility;" (3) Chesapeake's use of case law to argue collateral estoppel relies on advisory opinions that have no binding authority; and (4) DAAEP attempted to become a party in Docket No. 19-0529 but technical difficulties and failure of PSC prevented such attempts. During the oral argument, DAAEP made clear that its argument is simply that Chesapeake's intent behind seeking the Settlement Agreement codified by PSC Order 9594 is to circumvent statutory restrictions on PSC's jurisdiction to regulate propane. Such circumvention is a direct injury to DAAEP's members because the conversion of these Systems from propane to natural gas pertain to the whole of the propane industry in Delaware and not just Chesapeake's subsidiaries.

## Standard of Review

7. This Court has appellate jurisdiction over Commission decisions through 26 Del. C. § 510: "The Commission's findings shall be upheld if they are supported by sufficient evidence, free of error of law and not arbitrary or capricious. When factual issues are reviewed the Court shall take due account of the presumption of official regularity and the quasi-legislative function and specialized competence of the Commission"[11] "A reviewing court may accord due weight, but not defer, to an agency interpretation of a statute administered by it. A reviewing court will not defer to such an interpretation as correct merely because it is rational or not clearly erroneous."[12] "Where an agency interpretation is longstanding and widely enforced, a reviewing court would ordinarily accord greater weight to the underlying agency interpretation of the statute in

---

[11] 26 Del. C. § 510(d).
[12] *Chesapeake Utilities Corp. v. Delaware Public Service Comm'n*, 2017 WL 2480804 at *2 (Del. Super. June 7, 2017); quoting *Pub. Water Supply Co. v. DiPasquale*, 735 A. 2d 378 at 382 – 83 (Del. 1999).

6

determining, for itself, the optimal interpretation."[13]

8. Movants seek dismissal on Rule 12(b)(6) grounds which restricts this Court to considering "the relevant universe of facts...confined to the allegations of the petition."[14] Any "factual matters outside the petition may not be considered in ruling upon a motion to dismiss."[15] Appellant notes that the appeal is being brought under Rule 72(i). Rule 72(i) states "dismissal [of an appeal] may be ordered...for failure to comply with any rule, statute, or order of the Court or for any reason deemed by the Court to be appropriate."[16] Rule 72(i) incorporates Rule 12(b)(6) by authorizing dismissal "when a party fails to set forth any semblance of a legal argument upon which relief can be granted."[17]

## Discussion

9. At issue in this case is how PSC interprets its statutory authority under 26 Del. C. § 503, rules governing conduct of hearings; findings and order. Specifically, this appeal is going to rest on whether DAAEP was a party to the hearing for Docket No. 19-0529. If DAAEP is found to be a party to that PSC action, then it would have been entitled to challenge the Settlement Agreement that was the subject of that action.

10. In DAAEP's petition for appeal to this Court, it lists 23 grounds on which it bases its appeal of the PSC order 9635.[18] The Movants explain that this list of grounds can be divided between those grounds that speak to PSC Order 9635 (items "A" to "I"),

---

13 *Pub. Water Supply Co.*, 735 A. 2d at 382 n. 8.
14 *Dover Historical Society v. City of Dover Planning Commission*, 838 A. 2d 1103 at 1110 (Del. 2003).
15 *Id.*
16 *Woodruff v. Foulk Manor North*, 2016 WL 153269 at *2 (Del. Super. Jan. 6, 2016); quoting Superior Court Civil Rule 72(i).
17 *Id.*; citing *Joyner v. The News Journal*, 844 A. 2d 991 (Del. 2003). See also, *Buck v. Cassidy Painting, Inc.*, 2011 WL 1226403 at *1 (Del. Super. Mar. 28, 2011).
18 *See supra.* at n. 10.

which dismissed DAAEP's complaint as moot, and PSC Order 9594 (items "J" to "W"), to which DAAEP was not a party nor was it an intervenor.[19] Without addressing each ground individually, this Court agrees with the Movants in that, because DAAEP lacks standing, those grounds not addressing the issue of standing are rendered moot because DAAEP was not a party to Docket No. 19-0529 and did not petition to be an intervenor to Docket No. 19-0529.

11). The chapter of the Delaware Code that defines "party" is Chapter 101, Administrative Procedures. There "party" is defined as "each person or agency named or admitted in an agency proceeding as a party, or properly seeking and entitled as of right to be admitted as a party to an agency proceeding."[20] To be a "party" to a PSC hearing, the prospective person or entity must meet the definition of "person" and also be "aggrieved." Although DAAEP may meet the definition of "person" for the purposes of Delaware statutory interpretation, it does not meet the definition of "aggrieved."

12. Under 1 Del. C. § 302(15), "person" is defined as "corporations, companies, associations, firms, partnerships, societies, and joint-stock companies, as well as individuals."[21] There is no disputing DAAEP's designation as a "person" for purposes of determining whether it is a "party." However, DAAEP's designation as a "person" does not end the analysis.

13. To be "aggrieved" means "that a person or entity [is] subject to the regulations" of the agency or commission with whom the complaint is filed.[22] DAAEP asserts that

---

19 Def.'s Motion to Dismiss at ¶ 3.
20 29 Del. C. § 10102 (6).
21 1 Del. C. § 302(15).
22 *DNREC v. Delaware Public Service Commission*, 2020 WL 888493 at *4 (Del. Super. Feb. 24, 2020) citing *Baker v. DNREC*, 2015 WL 5971784 at *10 (Del. Super. Oct. 7, 2015).

PSC may investigate "any matter" where a public utility is involved, and, despite propane not being classified as a "public utility" subject to PSC's regulatory jurisdiction, PSC has jurisdiction to act upon written complaints concerning a public utility.[23] Even if this seeming contradiction in logic were true, DAAEP's claim of being "aggrieved" would fail because DAAEP is not subject to the regulations that PSC may issue regarding the conversion of the Systems from propane to natural gas. That was the basis for the holding in *Chesapeake Utilities Corp. v. Delaware Public Service Commission*, "that PSC lacked the statutory authority to allow unregulated utility competitors—in this case, DAAEP—to intervene in PSC proceedings involving regulated utilities."[24]

14. DAAEP cannot be an aggrieved party because DAAEP is not subject to PSC's regulatory jurisdiction because DAAEP and its members were not members of the "consuming public" under the statute giving PSC its purpose.[25] Additionally, DAAEP was not a party to PSC Docket 19-0529 and therefore could not have standing to bring this appeal of Order 9594. DAAEP's argument that regulating the conversion of propane delivery systems to natural gas delivery systems allows for circumvention of the statute regarding PSC's lack of jurisdiction over propane is without merit because PSC's regulatory jurisdiction begins at the moment of conversion from propane to natural gas and can go no further into the realm of propane.

15. Further, DAAEP's assertion of injury is based in the forward-looking concern that many of its members have regarding the conversion of the Systems "persist[ing] for decades." Standing requires two elements. First, there must be a claim of injury-in-fact.

---

23 Appellant's Response at 5.
24 Appellee's Motion to Dismiss at 4; citing *Chesapeake Utilities Corp. v. Delaware Public Services Commission*, 2017 WL 2480804 at *2 (Del. Super. June 7, 2017).
25 Appellee's Motion to Dismiss at 5; citing *Chesapeake Utilities Corp.*, at *7 - *8.

Second, the plaintiff's interest must be one that can be either protected or regulated by statute or by a constitutional guarantee.[26] In terms of "grievance[s] widely held," in this case an alleged grievance of members of an organization, such grievances are "judicially cognizable if individual plaintiffs can demonstrate a concrete and particularized injury."[27] This Court cannot see that there is a judicially cognizable harm done to the members of DAAEP based on the record provided.[28] All that can be ascertained from the response offered by DAAEP is that members of its association that own Systems are having to wait an undetermined period of time before these Systems are converted from propane to natural gas. There is no indication provided by DAAEP or from any portion of the record that DAAEP or its members have suffered a judicially cognizable harm sufficient to vacate the PSC's Order 9635 and remand it for further adjudication by the commission.[29]

16. One last point to make, DAAEP argues that *Chesapeake Utilities Corporation v. Delaware Public Services Commission*, a decision by this Court, was not on point and is a "non-binding, unreported order, and does not constitute *stare decisis*."[30] In that case, Chesapeake was appealing a decision of the PSC that granted DAAEP's request to intervene in an action unrelated to this one. This Court found that PSC erred because it "exceeded its statutory authority when it granted DAAEP's petition to intervene...because

---

26 *Oceanport Industries, Inc. v. Wilmington Stevedores, Inc.*, 636 A. 2d 892 at 900 (Del. 1994); quoting *Gannett Co., Inc. v. State*, 565 A. 2d 895 (Del. 1989).

27 *Dover Historical Soc. v. City of Dover Planning Comm'n*, 838 A. 2d 1103 at 1113 (Del. 2003).

28 The petition brought by DAAEP to this Court appears to be a request for an impermissible advisory opinion because DAAEP cannot credibly claim an imminent harm caused by the Settlement Agreement involving the Movants for itself as an organization or for its members. *Chrysogelos v. London*, 1992 WL 58516 at *4 (Del. Ch. Mar. 25, 1992).

29 The proper remedy DAAEP should seek would be to petition the Delaware legislature to change the statute pertaining to regulation of propane.

30 Appellant's Response at 5 – 6.

the sole interest claimed by the intervenor was as an unregulated competitor."[31] DAAEP argues that this Court lacked jurisdiction to issue its order in *Chesapeake Utilities Corp.* because of precedent from a previous case. It is interesting to note that at the time the order in *Chesapeake Utilities Corp.* was issued against DAAEP, DAAEP did not appeal it. In fact, no party appealed that order. If DAAEP wishes to now make the argument that that Order should not have stood because this Court lacked jurisdiction, then this Court will have to categorically dismiss such an argument.

17. The apparent reason to attempt to distinguish the *Chesapeake Utilities Corp.* case from this one is because DAAEP knew it could not be granted intervenor status in this present case in which it attempted to stop a Settlement Agreement to which it was not a party. Instead, DAAEP attempted to intervene without actually going through the procedural process to become an intervenor because it knew, from *Chesapeake Utilities Corp.*, that it would not be granted such status. DAAEP makes the argument that it would have been a party to Docket No. 19-0529 but for a faulty PSC filing system, and it brings a showing of evidence suggesting that its complaint should have been included in the file for said docket. However, this was not further developed by PSC in its issuance of Order 9635, and this Court is not willing to substitute its judgment for that of PSC personnel in handling DAAEP's complaint.

---

31 *Chesapeake Utilities Corp.*, 2017 WL 248-8-4 at *1.

11

## Conclusion

**WHEREFORE**, for the reasons stated above, this Court **GRANTS** the Defendant's Motion to Dismiss on 12(b)(6) grounds of failure to state a claim for which relief can be granted.

IT IS SO ORDERED.

/s/ *William L. Witham, Jr.*
Resident Judge

WLW/dmh